UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK JOSEPH GROULX,

        Plaintiff,                                Case No. 1:24-cv-11996

v.                                                  Honorable Thomas L. Ludington
                                                      United States District Judge
CSL LIMITED, *et al.*,

                                                       Honorable Patricia T. Morris
       Defendants.                          United States Magistrate Judge
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING PLAINTIFF'S COMPLAINT, AND DENYING PLAINTIFF'S MOTION TO DISMISS AS MOOT**

On July 30, 2024, Plaintiff Patrick Joseph Groulx filed a *pro se* Complaint against CSL Limited ("CSL"),[1] a private plasma collecting company. ECF No. 1. Plaintiff alleges that, on May 1, 2023, he donated blood at a CSL location in Saginaw, Michigan but an unnamed CSL employee "negligently failed to properly secure" the needle in Plaintiff's arm. *Id.* at PageID.3. Plaintiff does not allege this injured him in any way, but instead alleges he "lost whole blood cells," and could not donate his plasma for another 56 days. *Id.* Plaintiff also alleges that CLS collected "approximately 900 ml of plasma" from him "without providing proper compensation," and improperly collected plasma from him when his protein level was below "6.0."[2] *Id.* As a result, Plaintiff seeks "$10,000,000.00 (Ten Billion Dollars)" in damages. *Id.*

On August 6, 2024, the undersigned referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 4. That same day, Judge Morris granted Plaintiff's application to

---

[1] In his *pro se* Complaint, Plaintiff names over twenty Defendants in attempt to sue the proper legal entity for CSL. *See* ECF No. 1. For the purposes of this Opinion, all Defendants will collectively be referred to as CSL.
[2] Plaintiff provides no units of measurement for this alleged protein level. *See* ECF No. 1.

proceed *in forma pauperis*. ECF No. 5. On August 23, 2024, Plaintiff filed a *pro se* "Motion to Dismiss." ECF No. 6. On September 10, 2024, Judge Morris issued an R&R recommending this Court (1) dismiss Plaintiff's federal claims with prejudice, and (2) dismiss Plaintiff's remaining claims without prejudice for lack of subject matter jurisdiction. ECF No. 7.

Construed liberally, Plaintiff's Complaint alleged that CSL violated "federal law" by collecting his plasma when his protein levels were too low. ECF No. 1 at PageID.3. Judge Morris concluded that the Food, Drug, and Cosmetics Act of 1938 (the "FDCA") is the "federal law" that regulates the collection of blood plasma, but that "violations of the FDCA cannot be enforced through private, civil actions." ECF No. 7 at PageID.31 (collecting cases). Plaintiff also seemingly alleged that CSL banned him from donating blood "in retaliation" for his lawsuit against them. ECF No. 1 at PageID.3. But Judge Morris concluded, to the extent this claim concerns Plaintiff's First Amendment or Due Process rights, such claim is not cognizable because these rights "constrain[] only the government; . . . not . . . private actors like CSL." ECF No. 7 at PageID.32.

Plaintiff additionally alleged two state law claims: (1) that a CSL employee negligently placed a needle in his arm when collecting his plasma, and (2) that CSL breached a contract with Plaintiff by not paying him in full for his plasma donation. ECF No. 1 at PageID.3. Judge Morris recommended dismissing both claims, without prejudice, because (1) Plaintiff did not sufficiently allege an amount in controversy exceeding $75,000 to invoke this Court's diversity jurisdiction, 28 U.S.C. § 1332, and (2) this Court should not otherwise exercise supplemental jurisdiction over these state claims under 28 U.S.C. § 1367. ECF No. 7 at PageID.32–40.

In accordance with Civil Rule 72(b)(2), Judge Morris provided the Parties fourteen days to object after receiving service. *Id.* at PageID.40. The record reflects Plaintiff was served with a copy of the R&R on September 10, 2024. Yet, over four months later, neither Plaintiff nor CSL

has objected to Judge Morris's thorough R&R. Thus, the Parties have forfeited their right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). And the R&R contains no clear error.

Accordingly, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 7, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Motion to Dismiss, ECF No. 6, is **DENIED** as moot.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED.** All federal claims are dismissed with prejudice and all state claims are dismissed without prejudice.

**This is a final order and closes the above-captioned case.**

Dated: February 5, 2025                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge